**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FLAVIO MILAM, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03904 |
| | § | |
| CHRISTOPHER MORTELLARO, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court are Defendants Leigh Allen ("Allen") and Rise Association Management Group, LLC's ("Rise Management") Motion to Dismiss (Doc. No. 7), Plaintiff Flavio Milam's ("Milam") Motion to Substitute Service (Doc. No. 13), Defendant Christopher Mortellaro's ("Mortellaro") Motion to Dismiss (Doc. No. 18), Milam's Motion for Entry of Default (Doc. No. 19), Milam's Motion to Substitute Service (Doc. No. 20), and Defendants Allen and Rise Management's Motion for Protective Order (Doc. No. 25). The Court is also in receipt of all responses and replies. (Doc. Nos. 9, 11, 21, 22, 26–28). Upon close consideration of the pleadings and relevant legal standards, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants Allen and Rise Management's Motion to Dismiss (Doc. No. 7) and **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant Mortellaro's Motion to Dismiss (Doc. No. 18).

### I. Factual Background

This case arises from alleged debt collection violations. Plaintiff Flavio Milam ("Milam") was a residential tenant in an apartment building located in Houston, Texas. (Doc. No. 6 at 3). In July 2025, Milam began to experience financial hardship and was unable to pay his rent. (*Id.*). On July 3, 2025, his rent became overdue, and his account with the apartment building was placed in default. (*Id.*). While his account was in default, Milam allegedly received a "barrage of late-night and daytime communications designed to pressure and intimidate [him] into making a rent payment" from his landlord, Defendant Christopher Mortellaro ("Mortellaro"). (*Id.*). Milam also alleges that he received a call from "an individual claiming to

be Mortellaro's attorney," where the individual stated, "it can get bad [for you]." (*Id.* at 3–4). Milam alleges that this individual was Defendant James Rubin of Defendant Rubin & Rolong PLLC. (*Id.*). Milam allegedly continued to receive threatening and demanding messages and calls from Mortellaro and his alleged attorney, and Milam alleges that the "frequency, timing, and multi-platform nature of these communications . . . show[ed] a concerted effort to harass, threaten, and coerce payment under the guise of legal enforcement." (*Id.* at 4).

Milam also alleges that the management company of the apartment building, Defendant Rise Association Management Group, LLC ("Rise Management"), was involved in the concerted effort to demand his rent payment. He alleges that the general manager of the building and employee of Rise Management, Defendant Leigh Allen ("Allen"), emailed him that she would be entering his apartment to post an eviction notice. (*Id.*). Milam alleges that the entry "was made at the landlord's instruction, without a court order, and without Plaintiff's voluntary consent." (*Id.* at 5). Moreover, Milam alleges that the notice placed inside of his door "bore the heading 'The State of Texas, County of Harris,' creating the false impression that it was issued or authorized by a governmental entity when it was in fact a private landlord demand." (*Id.*). After Allen allegedly posted the notice, Milam alleges that multiple "keys" were removed from the online security system that prevented his access and "coordinated to surveil, intimidate, and build a false pretext for abandonment." (*Id.* at 5-6).

On August 18, 2025, Milam filed his Original Complaint in this Court. (Doc. No. 1). Milam brought causes of action against Defendants Mortellaro, Allen, Rise Management, James Rubin, and Rubin & Rolong PLLC for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Act ("TDCA"), and the Texas Property Code. Milam has not yet effectuated process of service on James Rubin or Rubin & Rolong PLLC, and he requests this Court to permit substituted service. Defendants Mortellaro, Allen, and Rise Management have filed Motions to Dismiss the claims filed against them. The Court addresses the pending Motions below.

## II.     Analysis

Milam alleges that the Defendants have violated the FDCPA, TDCA, and the Texas Property Code. Defendants Allen, Rise Management, and Mortellaro have filed Motions to Dismiss the pending causes of action filed against them. (Doc. Nos. 7, 18). While Defendants James Rubin and Rubin & Rolong PLLC have not been served pursuant to the Federal Rules of Civil Procedure or have otherwise appeared in this lawsuit, Milam requests this Court to authorize substituted service. (Doc. No. 13). This Court considers the pending Motions below.

### A. Defendants Allen and Rise Management

Milam alleges that Rise Management and Allen, individually, and as an agent of Rise Management, violated the FDCPA, TDCA, and the Texas Property Code throughout the eviction process. Rise Management and Allen argue that Milam has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) for these causes of action because (1) neither Rise Management nor Allen can be considered "debt collectors" under the FDCPA or the TDCA, and (2) Milam was never denied access to his apartment under Texas Property Code § 92.0081.

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a

3

plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

First, the Court addresses whether Rise Management and Allen fall under the statutory definitions of "debt collectors" under the FDCPA and the TDCA. To state a claim under both the FDCPA and the TDCA, the plaintiff must sufficiently allege that the defendant is a "debt collector" as defined by the statute. *Akintunji v. Chase Home Finance, L.L.C.*, No. H-11-389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011); *Cash v. HSBC Bank USA, N.A.*, No. 4:21-CV-3404, 2024 WL 3378421, at *8 (S.D. Tex. July 11, 2024). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed to due another." 15 U.S.C. § 1692a. Section 1692a(6)(F) specifically excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." The TDCA adopts the definition of debt collector contained in the FDCPA. *See* Tex. Fin. Code § 392.001(6) (citing 15 U.S.C. § 1692a(6)).

The Complaint alleges that Allen and Rise Management are both considered debt collectors under the FDCPA and the TDCA because they "regularly collect[], and in this instance attempted to collect, a residential rent debt already in default owed to another." (Doc. No. 6 at 7). While the Complaint alleges this conclusory iteration of the definition provided in the statutes, Milam does not allege any specific facts that Allen or Rise Management are in the business with the "principal purpose of which is the collection of any debts" or that the Defendants "regularly collect[] or attempt[] to collect" any debts from the building residents. *See* 15 U.S.C. § 1692a. While the Complaint includes allegations that Allen entered the unit to post the eviction notice and disabled Milam's electronic access to certain parts of the building, Milam also

4

never alleges that Allen or Rise Management actually attempted to collect any debt through any communications. The Court notes that while the facts are yet to be developed in this case, the Fifth Circuit has held that property management companies, like Rise Management, are not subject to the FDCPA when the collection of payments is "incidental to its fiduciary obligation" to the property owners. *See Raburn v. Community Management, L.L.C.*, 761 Fed. App'x 263, 266 (5th Cir. 2019) ("[T]his holding aligns with one sister court and numerous district courts that have held that property management companies are not debt collectors because of the fiduciary obligation."). With direction from the Fifth Circuit and without any factual allegations that Allen or Rise Management meet the definition of debt collectors under the statutes or actually attempt to collect a debt, the Court finds that Milam has failed to state a claim for violations under the FDCPA or TDCA. The FDCPA and TDCA claims against Allen and Rise Management are dismissed.

Second, Milam alleges that Allen and Rise Management violated Texas Property Code § 92.0081 when "Defendants unlawfully restricted Plaintiff's access to the leased premises by disabling the electronic key fob necessary to enter the building and access the elevator to his floor." (Doc. No. 7 at 16). Further, Milam alleges that "[a]lthough the lock on Plaintiff's individual unit door was not changed, Defendants' disabling of Plaintiff's key fob effectively excluded him from the premises by preventing him from entering the secure building entrance and accessing the elevator required to reach his apartment." (*Id.*). Section 92.0081(b) states that "[a] landlord may not intentionally prevent a tenant from entering the leased premises except by judicial process unless the exclusion results from . . . changing the door locks on the door to the tenant's individual unit of a tenant who is delinquent in paying at least part of the rent." The Code also provides that "[a] landlord who changes the locks or otherwise prevents a tenant from entering the tenant's individual rental unit may not change the locks or otherwise prevent a tenant from entering a common area of residential property." Tex. Prop. Code § 92.0081(e-1).

Allen and Rise Management argue that because Milam admits that the locks on his individual door were not changed, Milam has failed to state a claim under the Texas Property Code. While the locks on the individual unit were not changed, Milam alleges that Allen and Rise Management terminated his electronic

5

access to the entrance of the building, common areas, and the elevator, and without access to those doors, he was "effectively excluded" from his apartment. This is the same factual scenario contemplated by § 92.0081(e-1). *See id.* (allowing courts to consider landlords that "otherwise prevent[] a tenant from entering the tenant's individual rental unit"). Accepting all well-pleaded factual allegations as true, the Court finds that the allegation that Allen and Rise Management removed his access to the building is sufficient to state a plausible claim for the violation of § 91.0081.

### B. Defendant Mortellaro

Milam also alleges that his landlord, Mortellaro, violated the FDCPA, TDCA, and the Texas Property Code. As a preliminary matter, Mortellaro requests this Court to dismiss the claims under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for improper service.[1] Rule 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint in a case. The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Mortellaro argues that the service of process was insufficient because he has permanently resided in Spain since May 2020. (Doc. No. 18-1). While Milam initially represented to the Court that Mortellaro was served in Wesley Chapel, Florida, *see* (Doc. No. 10), by a process server, Mortellaro states in his sworn declaration that he has never lived in Florida and that he has "never been personally served with a summons or a copy of the Complaint." (Doc. No. 18-1). Mortellaro contends that he does not waive his right "to be personally served" and asserts this right in the Motion to Dismiss. (*Id.*).

In response, Milam concedes that he has not effectuated service in Spain and requests the Court to authorize substituted service. (Doc. No. 20). Under Federal Rule of Civil Procedure 4(f), an individual

---

[1] After Mortellaro filed his Motion to Dismiss (Doc. No. 18), Milam requested the Court to enter default against Mortellaro. (Doc. No. 19). Given that Mortellaro has appeared in this litigation, this request (Doc. No. 19) is **DENIED.**

residing out of any judicial district of the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). Spain is a party to the Hague Convention. *See O'Donnell v. Diaz*, No. 3:17-CV-1922, 2018 WL 7048073, at *2 (N.D. Tex. Dec. 21, 2018). Milam agrees that Mortellaro has not been served with this lawsuit pursuant to the Federal Rules of Civil Procedure or the Hague Convention.

In support of his Motion for Alternative Service, Milam contends that "Defendant has refused to disclose any address in Spain necessary to effect service through the Hague Convention" and requests this Court to order Mortellaro to produce his address in Spain. (Doc. No. 20 at 1). Nevertheless, "[a]bsent proper service of process, the Court lacks jurisdiction over" Mortellaro. *Medina v. RCL Servs., Inc.*, No. 2:21-CV-00279, 2022 WL 22607146, at *1 (S.D. Tex. Mar. 4, 2022). While the Court cannot order Mortellaro to provide information to Milam, the Court does grant leave for Milam to properly effectuate service on Mortellaro in accordance with the Federal Rules of Civil Procedure by **July 6, 2026.** Mortellaro's Motion to Dismiss (Doc. No. 18) is **GRANTED-IN-PART** and **DENIED-IN-PART.** Milam's Request for Alternative Service (Doc. No. 20) is denied without prejudice. After diligent efforts to effect service on Mortellaro in Spain, Milam may reraise this Motion, if he so chooses, in accordance with the Federal Rules of Civil Procedure and Texas Rules of Civil Procedure.

## C. Defendants James Rubin and Rubin & Rolong PLLC

Lastly, Milam requests this Court to authorize substituted service on Defendants James Rubin and Rubin & Rolong PLLC under Texas Rule of Civil Procedure 106(b). Under Rule 106(b), "[u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . at the location named in the statement but has not been successful, the court may authorize service" by either "leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement" or "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the

defendant notice of the suit." In support of the Motion, Milam provided an Affidavit of Non-Service prepared by a certified process service. (Doc. No. 13 at 9). The Affidavit, which was executed under the penalty of perjury in accordance with Rule 106(b), outlines five unsuccessful attempts to service James Rubin and/or his law firm. (*Id.*). One of the unsuccessful attempts occurred after the process server reached Rubin via telephone and arranged a meetup at the courthouse. (*Id.*). When the process server arrived, Rubin "informed [him] his case was handled and he was not at the courthouse." (*Id.*).

Considering Milam's compliance with the Texas Rules of Civil Procedure and the five unsuccessful attempts to serve James Rubin and Rubin & Rolong PLLC, the Court hereby **GRANTS** Milam's Motion for Substituted Service (Doc. No. 13) and **ORDERS** Milam to execute the substituted service by **May 5, 2026** through posting the required documents and a copy of this order to the front door of Rubin & Rolong PLLC at its principal place of business at 25814 Budde Road, Suite B-307, Spring, Texas 77380 and at the residence of its registered agent for service of process, at the residence of James Rubin, at 2019 Washington Avenue, Suite 202, Houston, Texas 77007, and by emailing the required documents and a copy of this order to rubinrolong@rrlawtx.com.

### III.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants Allen and Rise Management's Motion to Dismiss (Doc. No. 7). The FDCPA and TDCA claims against Allen and Rise Management are dismissed with prejudice. The Texas Property Code claim against Allen and Rise Management remains live. Defendants Allen and Rise Management's Motion for Protective Order (Doc. No. 25) is denied as moot. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant Mortellaro's Motion to Dismiss (Doc. No. 18). The Court finds that Milam has not served Mortellaro in accordance with the Federal Rules of Civil Procedure. The Court **DENIES** Milam's Request for Alternative Service (Doc. No. 20) without prejudice. Milam is **ORDERED** to serve Mortellaro in accordance with the Federal Rules of Civil Procedure by **July 6, 2026.** If Milam fails to serve Mortellaro or request further intervention from this Court by that date, the claims against Mortellaro will be dismissed without prejudice. Milam's Motion for Entry of Default (Doc. No. 19) is denied. Lastly, the Court **GRANTS** Milam's Motion

for Substituted Service (Doc. No. 13). Milam is **ORDERED** to execute the substituted service by **May 5, 2026** through posting the required documents to the front door of Rubin & Rolong PLLC at its principal place of business at 25814 Budde Road, Suite B-307, Spring, Texas 77380 and at the residence of its registered agent for service of process, at the residence of James Rubin, at 2019 Washington Avenue, Suite 202, Houston, Texas 77007, and by emailing the required documents and a copy of this order to rubinrolong@rrlawtx.com.

It is so ordered.

Signed on this the __31st__ day of March 2026.

Andrew S. Hanen
United States District Judge